IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,729-02






EX PARTE KENNETH AUTHOR HOFFPAUIR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 85281 IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded no contest to the offense
of indecency with a child, and was sentenced to thirty years' imprisonment. His appeal was
dismissed for want of jurisdiction. Hoffpauir v. State, No. 09-03-050-CR (Tex. App. - Beaumont,
March 6, 2003). 

 On March 8, 2006, this Court granted relief on Applicant's previous writ, also challenging
this conviction. In his first writ, Applicant alleged that his plea was not knowingly and voluntarily
entered, because it was his understanding that he was pleading to a non-aggravated offense, whereas
the judgment showed a conviction for indecency with a child under Article 21.11, Section (a)(1) of
the Texas Penal Code, which is an "aggravated" offense. Based on the recommendation of the trial
court after holding a hearing, this Court granted relief in that it ordered the judgment to be reformed
to show a conviction under Article 21.11, Section (a)(2) of the Texas Penal Code, rather than under
Section (a)(1). 

 In this, his second writ, Applicant contends that his thirty-year sentence is illegal, because
indecency with a child under Section (a)(2) is a third degree felony, as opposed to indecency with
a child under Section (a)(1), which is a second degree felony. Because Applicant was originally
indicted for aggravated sexual assault of a child with four prior felony convictions used to enhance
the punishment range to that of a habitual offender, and because it is not clear from the record and
the plea papers whether the State agreed to drop any or all of the enhancement allegations, it is
possible that Applicant pleaded guilty to third degree indecency with a child enhanced to first degree
punishment range by two prior felony enhancements.

 The trial court, after considering the record, recommends granting relief in the form of a new
punishment hearing. However, if Applicant's allegations are true, then the proper remedy would be
to reverse his conviction and remand for a new trial. Because the trial court's recommendation is
not entirely supported by the record, we believe that additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
pleaded true to any of the enhancement allegations, and if so which ones and how many. If the State
agreed to drop any or all of the enhancement allegations, the trial court shall supplement the habeas
record with any documents showing this agreement. Because Applicant was admonished as to a first
degree punishment range, and because he pleaded in exchange for a thirty-year cap, the court shall
make findings as to whether the admonishments were consistent with the disposition of the
enhancement allegations. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 22, 2006

Do not publish